IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18–cv–00359-RM-STV

DAVID OPPENHEIMER,

    Plaintiff,

v.

AFFINITY CLASSICS, L.L.C.,

    Defendant.
_____

**ORDER**
_____

Magistrate Judge Scott T. Varholak

    This matter is before the Court on Plaintiff's Motion for Alternate Service to Serve Defendant (the "Motion") [#16], which was referred to this Court [#17]. Through the Motion, Plaintiff requests that the Court grant Plaintiff leave, pursuant to Colorado Rule of Civil Procedure 4(f), to serve Defendant Affinity Classics, LLC "via [ ] its registered agent, via certified mail, return receipt requested to [the registered agent's] last known residential address." [#16 at 5]

    Federal Rule of Civil Procedure 4 governs service of a summons and complaint. Pursuant to Rule 4(h)(1)(A), a corporation or association may be served within a judicial district of the United States "in the matter prescribed by Rule 4(e)(1) for serving an individual." Rule 41(e)(1) states that service may be accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

Colorado Rule of Civil Procedure 4(f) authorizes substitute service. When the party attempting service "is unable to accomplish service . . . the party may file a motion, supported by an affidavit of the person attempting service, for an order for substituted service." Such a motion shall state:

> (1) The efforts made to obtain personal service and the reason that personal service could not be obtained, (2) the identity of the person to whom the party wishes to deliver the process, and (3) the address, or last known address of the workplace and residence, if known, of the party upon whom service is to be effected.

Colo. R. Civ. P. 4(f). If the court is satisfied that due diligence has been used to attempt personal service, that further attempts to obtain personal service would be to no avail, and that the person to whom delivery of the process is directed is appropriate under the circumstances and reasonably calculated to give actual notice to the party upon whom service is to be effective, it shall: "(1) authorize delivery to be made to the person deemed appropriate for service, and (2) order the process to be mailed to the address(es) of the party to be served by substituted service, as set forth in the motion, on or before the date of delivery." Colo. R. Civ. P. 4(f). For substitute service to be valid, it must comport with due process by being calculated "to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

In sum, Colorado Rule 4(f) authorizes *personal* service upon a *substitute person* "deemed appropriate for service." Here, Plaintiff does not seek to personally serve a substitute individual. Instead, Plaintiff seeks to serve Defendant's registered agent— who already is authorized to accept service on behalf of defendant—by certified mail. The relief requested by Plaintiff thus is not available pursuant to Colorado Rule 4(f),

2

which applies only "when a party seeks to serve a substituted *person* on behalf of the opposing party." *Wagner v. Williams, Scott & Assocs., LLC*, No. 12-CV-00104-MSK-MJW, 2012 WL 5409799, at *3 (D. Colo. Nov. 6, 2012) (emphasis in original). "The rule does not provide authority for alternative methods of service when a party simply cannot effectuate personal service under Rule 4(e)." *Id.*

Although Colorado Rule 4(f) does not provide authority for the relief requested, a separate Colorado statute does. Pursuant to Colorado Revised Statute § 7-90-704(2), an entity "may be served by registered mail or by certified mail, return receipt requested, addressed to the entity at its principal address" when the entity's registered agent either "is not located under its registered agent name at its registered agent address" or "cannot with reasonable diligence be served." Courts in this District consistently have found service pursuant to Section 7-90-704(2) effective under Federal Rule of Civil Procedure 4(h)(1)(A). *See Reg'l Dist. Council v. Mile High Rodbusters, Inc.*, 82 F. Supp. 3d 1235, 1242 (D. Colo. 2015) (collecting cases).

The Court finds that Plaintiff has submitted adequate proof that Defendant's registered agent "cannot with reasonable diligence be served" and thus that service by certified mail is justified pursuant to Section 7-90-704(b). The Colorado Secretary of State's website lists Defendant Affinity Classics LLC as a limited liability company in "good standing" and identifies Daniel Byron Pumphrey as Defendant's registered agent.[1] The same street address, 2360 Robin's Way, Unit B, Montrose, Colorado

---

[1] Summary Information for Affinity Classics LLC, Colorado Secretary of State, https://www.sos.state.co.us/biz/BusinessEntityDetail.do?quitButtonDestination=BusinessEntityResults&nameTyp=ENT&masterFileId=20081436708&entityId2=20081436708&fileId=20121699111&srchTyp=ENTITY (last visited May 8, 2018); *see also Llewellyn v. Allstate Home Loans, Inc.*, No. 08-CV-00179-WJM-KLM, 2011 WL 2533572, at *1 n.2

81401 (the "Robin's Way Address"), is provided both for Defendant and for Mr. Pumphrey. *Id.* In support of the Motion, Plaintiff provides an affidavit from process server Dave Mills reflecting seven separate attempts over the course of nine days to serve Defendant through Mr. Pumphrey at the Robin's Way Address. [#16-3] On two of those attempts, activity was heard inside the Robin's Way Address, but no one responded. [*Id.*] The Court thus finds that Plaintiff has exercised reasonable diligence in attempting to personally serve Defendant and that further attempts to personally serve Defendant through its registered agent would be futile. Particularly given that Defendant remains an entity in good standing with the Colorado Secretary of State, the Court finds that service upon Defendant by certified mail to the addresses on file with the Colorado Secretary of State is reasonably calculated "to apprise [Defendant] of the pendency of the action and afford [it] an opportunity to present [its] objections." *Mullane*, 339 U.S. at 314.

Accordingly, Plaintiff's Motion is **GRANTED** and Plaintiff is granted leave to serve Defendant pursuant to Colorado Revised Statute § 7-90-704(b) by registered mail or certified mail, return receipt requested, addressed to the following addresses:

| | |
|---|---|
| Affinity Classics LLC<br>c/o Daniel Byron Pumphrey<br>2360 Robin's Way, Unit B<br>Montrose, CO 81401 | Affinity Classics LLC<br>c/o Daniel Byron Pumphrey<br>P.O. Box 1714<br>Montrose, CO 81402-1714 |

**IT IS FURTHER ORDERED** The Status Conference set for June 6, 2018 at 11:30 a.m. is **VACATED** and **RESET** for **July 3, 2018 at 10:00 AM** in Courtroom C-203, Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado. Please remember that anyone seeking entry into the courthouse will be required to

---

(D. Colo. June 27, 2011) (collecting cases taking judicial notice of information available

4

show valid photo identification. *See* D.C.COLO.LCivR 83.2(b).  The parties may appear by telephone by initiating a call among all individuals participating by phone and then calling the Court at 303.335.2365 at the scheduled time.

DATED:  May 8, 2018

BY THE COURT:

s/Scott T. Varholak
United States Magistrate Judge

---

from secretary of state websites).